**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
LETTUCE ENTERTAIN YOU            )
ENTERPRISES, INC.,               )          Case No. _____
                                 )
         Plaintiff,              )
                                 )          **COMPLAINT FOR INJUNCTIVE**
     v.                          )          **RELIEF AND DAMAGES**
                                 )
                                 )
                                 )          **JURY TRIAL DEMANDED**
                                 )
XLR8, LLC D/B/A RPM BAR, and     )
MATTHEW S. KELLY,                )
                                 )
         Defendants.             )
-------------------------------------------------------x

Plaintiff Lettuce Entertain You Enterprises, Inc., for its Complaint against Defendants, XLR8, LLC d/b/a RPM BAR and Matthew S. Kelly, alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff Lettuce Entertain You Enterprises, Inc. ("**LEYE**") brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its family of trademarks comprising the marks RPM, RPM STEAK and RPM ITALIAN, which LEYE has used for many years in connection with its well-known restaurant and bar services.

2. As described more fully below, without LEYE's authorization or consent and with at first, at least, constructive notice, and, subsequently, with actual notice, of LEYE's prior rights in its federally-registered RPM marks, Defendants XLR8, LLC d/b/a RPM BAR ("**RPM BAR**") and Matthew S. Kelly (collectively "**Defendants**") have used the mark RPM BAR in connection with bar services. Defendants' use of RPM is likely to lead consumers to incorrectly believe that

Defendants' restaurant and bar services are authorized by, sponsored by, or affiliated with LEYE and its well-known RPM restaurant and bar services, and thus infringes LEYE's rights in its family of RPM marks and should therefore be enjoined.  LEYE should be awarded damages in an amount sufficient to compensate it for such infringement. Additionally, as Defendants are now intentionally and willfully infringing LEYE's family of RPM marks, this case should be deemed an exceptional case, under 15 U.S.C. § 1114, and LEYE should be awarded treble damages and its attorney's fees incurred in this action.

## PARTIES

3. LEYE is a corporation organized under the laws of the State of Illinois with a place of business at 5419 Sheridan Road, Chicago, Illinois 60640.

4. Upon information and belief, Defendant RPM BAR is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 266 Broome Street, New York, New York 10002.

5. Upon information and belief, Defendant Matthew S. Kelly is a resident of the State of New York and an owner of RPM BAR, having an address of 55 Hester Street, Apt. 4B, New York, New York 10002.  Upon information and belief, Mr. Kelly directs, actively participates in, controls and benefits from RPM BAR's bar business.

## JURISDICTION AND VENUE

6. This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 et *seq*., and New York statutory and common law.

7. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the activities giving rise to the claims alleged herein occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and the Defendants are located in this District.

## COMMON ALLEGATIONS

### (LEYE's Business and the RPM Family of Marks)

9. LEYE is a preeminent restaurant, bar, and catering company, which owns, operates, and licenses restaurants throughout the United States. Since its creation in 1971, LEYE has been considered one of the most innovative restaurant companies in the United States, and currently owns and operates more than 85 restaurants and bars in Illinois, California, Georgia, Virginia, Maryland, Arizona, Minnesota and Nevada, and continues to expand in key locations across the United States, further developing its national reputation.

10. Presently, LEYE owns and operates premier restaurants located throughout the United States under well-known names and trademarks, including Aba, Antico Posto, Bar Ramone, Beatrix, Big Bowl, Booth One, Bub City, Cafe Ba-Ba-Reeba!, Community Canteen, Di Pescara, Eiffel Tower, El Segundo Sol Taqueria & Margarita Bar, Ema, Everest, Foodease, Foodlife, Hub 51, Il Porcellino, Joe's Seafood, Prime Steak & Stone Crab, L. Woods, M Burger, M Street Kitchen, Magic Pan Crepe Stand, Mity Nice Grill, Mon Ami Gabi, Nacional 27, Osteria Via Stato, Oyster Bah, Petterino's, Pizzeria Via Stato, Ramen-San, R.J. Grunts, Sarnello's, Shaw's Crab House, Stella Barra Pizzeria, Stripburger, Summer House Santa Monica, Sushi San, Tallboy Taco, Three Dots and a Dash, Tokio Pub, Twin City Grill and Wildfire. LEYE and its restaurants offer a broad range of high-quality food and drink items for dine-in, take-out, delivery or catering as part of its restaurant services and bar services.

HF 12305720v.2

11. In addition to the foregoing, LEYE owns and operates restaurants in Chicago and Washington, D.C. under the trademark RPM. In 2012, LEYE opened its RPM ITALIAN restaurant in Chicago. Building upon the success of the restaurant, LEYE opened RPM STEAK in 2012, also in Chicago, and RPM ITALIAN in 2016 in Washington, D.C.

12. Each of these marks is registered with the United States Patent and Trademark Office:

| Mark | Registration No. | Registration Date | Goods and Services |
| --- | --- | --- | --- |
| RPM | 4,837,200 | 10/20/15 | Restaurant and bar services |
| RPM ITALIAN | 4,279,925 | 1/22/2013 | Restaurant and bar services |
| RPM STEAK | 4,641,632 | 10/18/14 | Restaurant and bar services |

These marks constitute LEYE's RPM family of marks ("**RPM Family of Marks**"). Copies of the registration records for LEYE's RPM Family of Marks are attached hereto as Exhibit A.

13. Over the past several years, LEYE has invested considerable time, effort, and resources in promoting and providing its restaurant and bar services under and in connection with the RPM Family of Marks. LEYE promotes its RPM restaurants and bars nationally through inter-restaurant promotions in each of its restaurants, its websites at www.rpmrestaurants.com, www.lettuceentertainyou.com, and www.leye.com, its frequent diner program (which includes members in all 50 states) and the well-known reservation services at www.OpenTable.com. In addition, LEYE promotes each of its RPM restaurants through its social media pages on Facebook, Twitter, and Instagram accounts, all of which are accessible nationwide.

14. As a further result of LEYE's continuous and extensive use of its RPM Marks in connection with its restaurant and bar services, its RPM Family of Marks has developed considerable consumer recognition across the United States. Indeed, marks using the term RPM have come to be recognized by customers across the country as identifying and distinguishing

4

LEYE's restaurant and bar services, and LEYE's services alone. The RPM Family of Marks thus have acquired distinctiveness signifying LEYE, and LEYE has cultivated and now owns considerable and valuable goodwill in and symbolized by the RPM Family of Marks.

15. This consumer goodwill and recognition constitutes one of LEYE's most valuable assets. Accordingly, the integrity of LEYE's RPM Family of Marks is extremely important to LEYE, and crucial to the continued vitality of LEYE's business as it continues to expand its RPM restaurants and bars.

**(Defendants' Infringement of LEYE's RPM Family of Marks)**

16. In the spring of 2018, LEYE became aware that Defendants were providing bar services under the name RPM BAR. At this time, Defendants were also promoting their bar services under the name RPM BAR through their website, located at www.rpmbarnyc.com, and through social media accounts.

17. When LEYE became aware of Defendants' use of RPM BAR, it notified Defendants, in writing, of its prior use of, and existing rights in, its RPM Family of Marks in connection with restaurant and bar services, informed Defendants that their use of RPM infringed LEYE's rights in its RPM Family of Marks, and requested that Defendants cease use of the RPM mark.

18. LEYE continued to attempt to resolve this matter amicably by sending further letters and emails, and making repeated phone calls, to Defendants regarding LEYE's prior use of, and existing rights in, the RPM Family of Marks.

19. To ensure that Defendants' silence was not the result of Defendants' failure to receive LEYE's prior communications, LEYE hand delivered a letter to Defendants' place of business, which notified Defendants of LEYE's prior use and existing rights in the RPM Family

HF 12305720v.2

of Marks, informed Defendants that their use of RPM infringed LEYE's rights, and demanded that Defendants cease use of the mark RPM.

20. Defendants have yet to acknowledge or respond to any of LEYE's foregoing efforts to raise its objection to Defendants' use of the RPM mark.

21. Defendants continue to use the RPM mark in connection with their bar services. Defendants' storefront continues to display the RPM BAR signage. Defendants continue to promote their bar services under the name RPM and RPM BAR on their website and social media accounts.

22. Pursuant to 15 U.S.C. Section 1072, Defendants had constructive knowledge of LEYE's federally-registered RPM Family of Marks prior to Defendants' unauthorized use of their RPM BAR mark, which is confusingly similar to LEYE's registered RPM Family of Marks.

23. In addition, upon information and belief, Defendants had actual knowledge of LEYE's use and ownership of its RPM Family of Marks.

24. Thus, Defendants knowingly and willfully continued to use a mark confusingly similar to LEYE's RPM Family of Marks with constructive and actual knowledge of LEYE's RPM Family of Marks.

25. In light of Defendants' use of RPM marks in connection with identical services as those offered by LEYE under its federally-registered RPM Family of Marks, Defendants' refusal to address their continued infringement of the RPM Family of Marks, LEYE has no choice but to protect its rights in its valuable RPM Family of Marks through this action.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1114(1)(A)
## FEDERAL SERVICE MARK INFRINGEMENT

26. LEYE realleges and incorporates herein paragraphs 1 through 25 of this Complaint.

27. Defendants' aforesaid use of their RPM BAR mark with bar services is without LEYE's authorization or consent.

28. Defendants' unauthorized use of their RPM BAR mark in connection with their promotion and provision of bar services is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants or their services with LEYE and its federally-registered RPM Family of Marks in violation of 15 U.S.C. §1114(1)(a).

29. Defendants' unauthorized conduct has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant and bar services provided in connection with its RPM Family of Marks, placing the valuable reputation and goodwill of LEYE in the hands of Defendants, over whom LEYE has no control.

30. As a result of Defendants' conduct, LEYE has suffered substantial damage and irreparable harm to its RPM Family of Marks, constituting an injury for which LEYE has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, LEYE will continue to suffer irreparable harm.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1125(A)
### FALSE DESIGNATION OF ORIGIN

31. LEYE realleges and incorporates herein paragraphs 1 through 30 of this Complaint.

32. Defendants' actions complained of herein are likely to cause confusion, mistake, or deception among consumers as to an affiliation, connection or association of Defendants' services with LEYE and its RPM Family of Marks, and as to the origin, sponsorship, or approval of Defendants and their services, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

33. Defendants' unauthorized conduct has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant and bar services provided in

connection with its RPM Family of Marks, placing the valuable reputation and goodwill of LEYE in the hands of Defendants, over whom LEYE has no control.

34. As a result of Defendants' conduct, LEYE has suffered substantial damage and irreparable harm to its RPM Family of Marks, constituting an injury for which LEYE has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, LEYE will continue to suffer irreparable harm.

## COUNT III
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW ARTICLE 24 § 360-1
## NEW YORK UNFAIR COMPETITION AND FALSE ADVERTISING

35. LEYE realleges and incorporates herein paragraphs 1 through 34 of this Complaint.

36. Defendants' unauthorized promotion and use of the RPM mark with services identical to LEYE's services constitute a false designation or origin and is likely to cause confusion among consumers, members of the trade, and existing and prospective customers.

37. Defendants' aforesaid actions constitute misappropriation of LEYE's proprietary rights and goodwill in its RPM Family of Marks.

38. Defendants' aforesaid actions violate New York General Business Law Article 24 § 360-l regarding unfair competition and false advertising.

39. As a result of Defendants' conduct, LEYE has suffered substantial damage and irreparable harm to its RPM Family of Marks, constituting an injury for which LEYE has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, LEYE will continue to suffer irreparable harm.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

40. LEYE realleges and incorporates herein paragraphs 1 through 39 of this Complaint.

41. LEYE has used and promoted its RPM marks in connection with its restaurant and bar services within this State since prior to Defendants' infringing conduct complained of herein, and LEYE possesses superior common law rights in the RPM mark under the common law State of New York.

42. Defendants' unauthorized promotion and use of the RPM mark with services nearly identical to LEYE's services is likely to cause confusion among consumers, members of the trade, and existing and prospective customers.

43. By virtue of their willful actions alleged herein, Defendants have infringed upon LEYE's RPM Family of Marks and have improperly traded on the goodwill associated therewith, in violation of the common law of this State.

44. As a result of Defendants' conduct, LEYE has suffered substantial damage and irreparable harm to its RPM Family of Marks, constituting an injury for which LEYE has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, LEYE will continue to suffer irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, as to all Counts of this Complaint, LEYE requests that this Court enter a judgment in favor of LEYE and against Defendants as follows:

A. Declaring that Defendants have infringed LEYE's RPM Family of Marks and have engaged in unfair competition under 15 U.S.C. §§ 1114 and 1125; and have committed acts of unfair competition and trademark infringement in violation of New York statutory and common law;

B. Permanently enjoining and restraining Defendants, their agents, servants, employees and attorneys, and any other persons in active concert or participation with them from:

      (1)    using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or Internet domain name that is comprised in whole or in part of the term RPM, or any term confusingly similar to LEYE's RPM Family of Marks; or

      (2)    doing any act or thing that is likely to induce the belief that Defendants' goods, services, or activities are in some way connected with LEYE's business, or that is likely to injure or damage LEYE's name, marks or business;

C.    Requiring that Defendants:

      (1)    pay LEYE for all damages it has suffered due to Defendants' acts complained of herein;

      (2)    pay to LEYE treble damages;

      (3)    deliver to LEYE's counsel for destruction all promotional materials, products, advertisements, signs, brochures, packages, menus, and other printed materials bearing the RPM mark or any other marks confusingly similar to LEYE's RPM Family of Marks and all means for making the same that are in Defendants' possession or control within (10) days of the entry of the Order;

D.    Awarding LEYE costs, disbursements and attorneys' fees incurred in bringing this action; and

E.    Awarding LEYE such other and further relief as this Court deems just and proper, including pre and post judgment interest.

HF 12305720v.2

Dated: New York, New York
September 13, 2018

                Respectfully Submitted,

                **HERRICK, FEINSTEIN LLP**

                By:    /s/ Barry Werbin, Esq.

                Barry Werbin
                Shivani Poddar
                2 Park Avenue
                New York, NY 10016
                (212) 592-1418
                bwerbin@herrick.com
                spoddar@herrick.com

                *Attorneys for Plaintiff*
                *Lettuce Entertain You Enterprises, Inc.*

HF 12305720v.2